**UNITED STATES DISTRICT COURT**
**SOURTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

JOSE SOCA,

      Plaintiff,

                               Case No.

-vs-

EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC, AQUA FINANCE,
INC.,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jose Soca (hereinafter "Plaintiff"), by and through

his undersigned counsel, for his cause of action against Equifax Information Services

LLC (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter

"Experian") and Aqua Finance, Inc. (hereinafter "Aqua"), (hereinafter collectively

"Defendants") and in support thereof respectfully alleges violations of the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive

damage, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC, Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc, (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Monroe County in the State of Florida; the Defendants transacts business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its

registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

16. Aqua Finance, Inc. is a corporation with its principal place of business in the State of Wisconsin and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company 1201 Hays Street Tallahassee, Fl 32301-2525.

17. Aqua is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18. Aqua furnished information about Plaintiff to Experian that was inaccurate.

## FACTUAL ALLEGATIONS

19. On or around August 2025, Plaintiff began receiving calls involving a foreclosure. Plaintiff investigated the calls and learned they pertained to a home located in Hillsborough County, Florida.

4

20.     Plaintiff has never resided in Hillsborough County, Florida and has lived in Monroe County, Florida for over twenty years.

21.     Shortly thereafter around mid-September 2025, Plaintiff contacted Aqua about the loan. It was at this time, Plaintiff learned that the loan was associated with non-party Totally Pure H2O and connected to a Reinaldo Rodrigues Sorribas.

22.     Plaintiff never took out a loan with the Totally Pure H20, nor does he know an individual named Reinaldo Rodrigues Sorribas.

23.     Subsequently, Plaintiff disputed with Equifax and Experian by telephonic means and informed him that the Aqua Finance Partial Account Number ending in 6549 (hereinafter "Aqua Account") was not his and to remove it from his report.

24.     Shortly thereafter Plaintiff contacted Key West Police Department to report the fraud, (CAD 250022518) related to the Aqua Account on his Equifax and Experian credit reports. Plaintiff also filed a police report with the Monroe Cunty Sheriff's Office (report number MC3025OFF006126).

25.     On September 6, 2025, Plaintiff filed an IC3 Complaint (Submission ID: IDF05d8330a086941f3b722325196b2a585) due to the fraudulent activity that occurred.

26.     On or about September 22, 2025, Plaintiff obtained a copy of his Experian credit report and observed the erroneous Aqua Account with the balance of $17,282 and a status of "$1,040 past due as of Sep 2025".

27.     On or about September 25, 2025, Plaintiff obtained copy of his Equifax credit report and observed the Aqua Account continued to report and listed a balance of $17,282.

28.     The fraudulent Aqua Account being reported by Experian and Equifax was the only negative account reporting on his credit reports. Such reporting of the fraudulent account negatively impacted Plaintiff's credit worthiness.

29.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

30.     Equifax never attempted to contact Plaintiff during the alleged investigation.

31.     Had Equifax conducted a reasonable investigation, the results would have been different.

32.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

33.     Experian never attempted to contact Plaintiff during the alleged investigation.

34.    Had Experian conducted a reasonable investigation, the results would have been different.

35.    Upon information and belief, Equifax and Experian notified Aqua of Plaintiff's dispute. However, Aqua failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Aqua in connection with the dispute investigation.

36.    As a result of the continuous reporting, on or about October 1, 2025, Plaintiff mailed detailed dispute letter to Equifax and Experian. In the letter, Plaintiff requested a copy of his credit reports. Further, Plaintiff advised that the Aqua Account was not his and it was opened fraudulently. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff explained that he filed a police report, and included supportive documentation such as his filed IC3 Report.

37.    Plaintiff mailed his detailed dispute letter to Equifax tracking number 9589 0710 5270 2869 7956 29 and Experian via USPS Certified Mail, tracking number 9589 0710 5270 2869 7956 12.

38.    Despite verification of delivery of the disputes to both Equifax and Experian on or about October 5, 2025, Plaintiff never received any dispute results from either of the credit reporting agencies.

39.    On November 6, 2025, Plaintiff obtained a copy of his Equifax and Experian credit reports and observed the Aqua Account continued to report with a with a balance of $17,282. Notably with Experian, they reported the aforementioned account with a status of "open. $1,294 past due as of Sep 2025". Such reporting continued to negatively impact Plaintiff's credit worthiness.

40.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

41.    Equifax never attempted to contact Plaintiff during the alleged investigation.

42.    Had Equifax conducted a reasonable investigation, the results would have been different.

43.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

44.    Experian never attempted to contact Plaintiff during the alleged investigation.

45.    Had Experian conducted a reasonable investigation, the results would have been different.

46.    Upon information and belief, Equifax and Experian notified Aqua of Plaintiff's dispute. However, Aqua failed to conduct a reasonable investigation and

merely compared its own erroneous data to that provided by Aqua in connection with the dispute investigation.

47.     As a result of the continued reporting, on November 13, 2025, Plaintiff mailed another detailed dispute letter to Equifax and Experian. In the letter, Plaintiff requested a copy of his credit reports. Further, Plaintiff advised that the debt was not his and the account was opened fraudulently. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff informed them that he filed a police report and provided images of the filed IC3 Report.

48.     Plaintiff mailed his detailed dispute letter to Equifax 9407 1111 0549 5848 1424 60 and Experian via USPS Certified Mail, tracking number 9407 1111 0549 5848 1424 91.

49.     Despite delivery confirmation of November 21, 2025, Plaintiff never received a copy of his credit report or a notice as to the investigation results from Equifax and Experian.

50.     On January 19, 2026, Plaintiff obtained a copy of his Equifax credit report and observed the Aqua Account continued to report with a with a balance of $17,282.

51.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

9

52. Equifax never attempted to contact Plaintiff during the alleged investigation.

53. Had Equifax conducted a reasonable investigation, the results would have been different.

54. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

55. Experian never attempted to contact Plaintiff during the alleged investigation.

56. Had Experian conducted a reasonable investigation, the results would have been different.

57. Upon information and belief, Equifax and Experian notified Aqua of Plaintiff's dispute. However, Aqua failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Aqua in connection with the dispute investigation.

58. As a result of the continued reporting, on February 25, 2026, Plaintiff mailed another detailed dispute letter to Equifax and Experian. In the letter, Plaintiff requested a copy of his credit reports. Further, Plaintiff advised that the debt was not his and the account was opened fraudulently. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further,

Plaintiff informed them that he filed a police report and provided images of the filed IC3 Report.

59.     Plaintiff mailed his detailed dispute letter to Equifax 9407 1111 0549 5871 7610 96 and Experian via USPS Certified Mail, tracking number 9407 1111 0549 5871 7610 89.

60.     Equifax and Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

61.     Equifax and Experian never attempted to contact Plaintiff during the alleged investigation.

62.     Plaintiff has provided evidence to Equifax and Experian that he did not owe the Aqua Account.

63.     Upon information and belief, Experian and Equifax notified Aqua of Plaintiff's dispute. However, Aqua failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by the CRA's in connection with the dispute investigation

64.     Plaintiff continues to suffer as of the filing of this Complaint with Equifax and Experian's reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

65.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

11

i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time.

ii. Severe mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant's reluctance to fix the errors.

iii. Reduction in credit scores as the Defendant failed to properly investigate the disputed information;

iv. Delay in applying for further lines of credit due to fear of denials from Plaintiff's lowered credit score;

v. Defamation and Plaintiff's information has been published to third parties including but not limited to FICO to calculate Plaintiff's credit score.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Solutions LLC (Negligent)**

66.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

12

67.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiff.

68.     Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

69.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

70.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

71.     As a result of this conduct, action, and inaction of Equifax , Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

72.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

13

73.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Solutions LLC (Willful)**

74.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

75.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

76.     Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

77.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

78.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

79.     As a result of this conduct, action, and inaction of Equifax , Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Solutions LLC (Negligent)

82. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

83. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

84. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

85. Plaintiff provided Equifax with the information it needed to confirm that the account was not his, and he did not owe this debt. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

86. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

88. Plaintiff is entitled to recover costs and attorney fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Solutions LLC (Willful)

89. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

17

90.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

91.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

92.     Plaintiff provided Equifax with the information it needed to confirm that the account was not his, and that he did not owe this debt. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

93.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

18

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc  (Negligent)

96. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65)  above as if fully stated herein.

97. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit reports and credit files it published and maintains concerning Plaintiff.

98. Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

99. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

100. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

101. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

103. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc (Willful)

104.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65)  above as if fully stated herein.

105.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

106.   Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

107.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

108.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

21

109.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

111.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc; award Plaintiff his fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc (Negligent)

22

112.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65)  above as if fully stated herein.

113.   After receiving Plaintiff's disputes, Experian  violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

114.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

115.   Plaintiff provided Experian with the information it needed to confirm that the account was not hers, and he did not owe this debt. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

116.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

23

from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

117.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

118.   Plaintiff is entitled to recover costs and attorney fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
**Violation of 15 U.S.C. § 1681i as to
Defendant, Experian Information Solutions, Inc (Willful)**

119.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65)  above as if fully stated herein.

120.   After receiving Plaintiff's disputes, Experian  violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

24

receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

121.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

122.   Plaintiff provided Experian with the information it needed to confirm that the account was not his, and that he did not owe this debt. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

123.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

125.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc; award Plaintiff his fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Aqua Finance, Inc (Negligent)

126.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

127.   Aqua furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

128.   After receiving Plaintiff's disputes, Aqua violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to

26

accurately respond to Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

129.   Plaintiff provided all the relevant information and documents necessary for Aqua to have identified that the account was erroneous.

130.   Aqua did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Aqua by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

131.   Aqua violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

132.   As a direct result of this conduct, action, and/or inaction of Aqua, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

27

humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and inaction of Aqua was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

134.   Plaintiff is entitled to recover costs and attorney's fees from Aqua in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Aqua Finance, Inc.; award Plaintiff his fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Aqua Finance, Inc (Willful)

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65)  above as if fully stated herein.

136.   Aqua furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

137.   After receiving Plaintiff's disputes, Aqua violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous

28

account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

138.    Plaintiff provided all the relevant information and documents necessary for Aqua to have identified that the account was erroneous.

139.    Aqua did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Aqua by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

140.    Aqua violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

141.    As a direct result of this conduct, action, and/or inaction of Aqua, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional

distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

142.   The conduct, action, and inaction of Aqua was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

143.   Plaintiff is entitled to recover costs and attorney's fees from Aqua in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Jose Soca, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Aqua Finance, Inc.; award Plaintiff his fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jose Soca respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against

30

Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc, and Aqua Finance, Inc.; and jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 3rd day of April, 2026.

Respectfully submitted,

**/s/ Octavio Gomez**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com

**/s/Frank H. Kerney, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar #:88672
Tennessee Bar #: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, FL 33602
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com

*Attorneys for Plaintiff*

31